## IN THE FEDERAL DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **M. JOHNSTON**<br>115 Plattsburg<br>Lathrop, MO 64465 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Case No.** |
| | ) | **JURY TRIAL DEMANDED** |
| **ADIENT US, LLC,**<br>**d/b/a ADIENT RIVERSIDE,**<br>**a/k/a ADIENT KANSAS CITY**<br>4101 N. Mattox Rd.<br>Riverside, MO 64150 | ) ) ) ) ) ) | |
| Serve:<br>   **CT CORPORATION SYSTEM**<br>   120 South Central Avenue<br>   Clayton, Missouri 63105 | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DAMAGES

### I.    Preliminary Statement

1.    COMES NOW, Plaintiff, M. Johnston, by and through his attorneys of record, Kevin Baldwin and Eric Vernon of Baldwin & Vernon, and brings this cause of action against Defendant Adient US, LLC, d/b/a Adient Riverside, a/k/a Adient Kansas City, hereinafter collectively referred to as "Defendant." This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorneys' fees for Defendant's conduct and actions taken against Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq,* as well as R.S.M.o §213 *et. seq.,* and under Missouri Common Law.

### II.    Jurisdiction

2.     This action arises under the Age Discrimination in Employment Act ("**ADEA**") 29 U.S.C. §621 *et seq.*, and the Missouri Human Rights Act (MHRA), 213.010, *et seq.*, R.S.MO. Jurisdiction of Plaintiff's state law claims arises pursuant to 28 U.S.C. §1367.

3.     The ADEA prohibits age discrimination in employment for those who are 40 years of age or more.  29 U.S.C. §621 *et seq.*

4.     Jurisdiction is invoked pursuant, 42 U.S.C. 2000a-3(a), and 42 U.S.C. 2000a-6(a); 28 U.S.C. 1331, 42 USC' 2000e- 5 (f); and 213.010 *et seq.* R.S.MO. Plaintiff timely filed his complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") and a right - to- sue letter was issued by the EEOC on February 28, 2020, and by the MCHR on May 15, 2020. The Right to Sue Letters, with attached Charge of Discrimination, is attached hereto as Exhibit 1 and 2 respectively and are hereby fully incorporated as if set forth herein.

5.     The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $75,000.00; in addition, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as punitive damages pursuant to 28 USC § 2201, 2202, 42 USC § 1981a; and 213.010 et seq. R.S.MO.

6.     Costs and attorneys' fees may be awarded pursuant to 42 USC § 2000e-5(k); 213.010 et seq., R.S.Mo., and the Federal Rules of Civil Procedure 54, and are hereby requested by Plaintiff.

## III.   Venue

7.     This action properly lies in the Western District of Missouri, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC § 2000e-5(f)(3) because the unlawful employment practices were committed in this judicial district.

8.      Jurisdiction is proper for all state claims as the cause of action complained of accrued in Platte County Missouri, pursuant to §213.010 *et seq*. R.S.MO.

### III.    Parties

9.      Plaintiff M. Johnston resides at 115 Plattsburg, Lathrop, Missouri 64465. Plaintiff was born on February 22, 1969.

10.     Defendant Adient US, LLC, d/b/a Adient Riverside, a/k/a Adient Kansas City (hereinafter "Defendant Company") is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 15 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Platte County, Missouri, at relevant times referred to herein, and specifically at 4101 N. Mattox Rd., Riverside, MO 64150.  Defendant Company is an employer within the meaning of 29 USC §630, and §213.010, *et seq*., R.S.MO. Defendant Company is subject to the MHRA's prohibition on employment discrimination and retaliation for its employees.

11.     Prior to filing this Petition for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission, and the Missouri Commission on Human Rights to no avail and exhausted all required administrative procedures prior to filing this Complaint for damages. All jurisdictional and administrative requirements have been met by Plaintiff.

### IV.    Facts Common to All Counts

12.     Plaintiff, M. Johnston, is a 51 year old male, who worked for Defendant Adient US, LLC, d/b/a Adient Riverside, a/k/a Adient Kansas City ("Defendant Company") for about one year.

13.     Plaintiff earned his Bachelor of Science in Management in 1993, and then an MBA in

2009.

14.	On or about December 6, 2018, Plaintiff began working for Defendant Company.

15.	Plaintiff was a Plant Manager for Defendant Company.

16.	Plaintiff was never told his performance was unacceptable. In fact, Plaintiff never received any warning.

17.	Plaintiff was discharged from his position without notice or warning of his performance being "unacceptable."

18.	It is Plaintiff's contention that Defendant Company made the decision to terminate him because they were trying to cut cost by replacing older employees with younger, less experience, and much cheaper employees.

19.	Plaintiff had about 26 years of experience in operations management, 17 years in the union environment, and 10 years of experience in the automotive industry, which made him a more expensive employee for Defendant Company.

20.	Plaintiff reduced recordable injuries at Defendant Company, from 48 in 2018 to 16 in 2019.

21.	Plaintiff also reduced workers compensation costs from $3.51M through July 2018 to $1.493M through July 2019.

22.	Plaintiff also reduced cost of poor quality from $300,000+ per month in December 2018 to $25,000 per month in June 2019, which was an annual saving of $3M.

23.	Plaintiff also improved the run rate of GM production lines from 30 jobs per hour in January 2019 to 45 jobs per hour in August 2019. Additionally, Plaintiff reduced the cost per vehicle which is equivalent to about $12M in annual savings for Defendant Company.

24.	In May 2019, Plaintiff met with supervisor, Rob Conklin, to review the Year to Date

(YTD) performance and Plaintiff was given a "B" rating. Plaintiff's only flaw was not terminating an Operations Manager Sooner.

25.     In July 2019, during a conference call with all of Defendant Company North American Plan Mangers, Plaintiff was notified that a new compensation structure would be rolled out by the end of September.

26.     That same month, July 2019, after repeated requests in May and June, Rob Conklin, finally provided Plaintiff and his team with the FY2019 goals.

27.     By the time Rob Conklin provided the goals to Plaintiff and his team, they were over nine months into the fiscal year with only three months remaining to achieve the goals. It was clear then, that Plaintiff was being set up to fail.

28.     During that time, Rob Conklin began visiting Plaintiff's facility more frequently and staying for longer periods of time.

29.     Rob Conklin demeanor also changed. He was now more aggressive in his communications and directives towards Plaintiff's leadership team and Plaintiff himself.

30.     Rob Conklin would constantly redirect Plaintiff's staff to do projects without consulting Plaintiff, which interfered with the assignments he had already given them, and which became a disruptive force within Plaintiff's plant.

31.     It was clear that Defendant Company through Rob Conklin was setting Plaintiff to fail.

32.     In August 2019, salaried members of Plaintiff's team, approached Plaintiff and asked him why Rob Conklin was yelling at everyone. In fact, some employees even asked Plaintiff if they were going to be fired, because rob Conkling made them feel like failures at their jobs.

33.     After hearing the concerns of the employees, Plaintiff had meetings with his Assistant Plant Manager to discuss a strategy on how to reduce the chaos and improve the toxic culture Rob Conklin

had created.

34.     Plaintiff also told Rob Conklin they needed to have a meeting to discuss action plans for the facilty.

35.     Plaintiff had planned to discuss Rob Conklin's disruptive behavior and the impact it was having on his team. However, Rob Conklin repeatedly moved the meeting date multiple times.

36.     In fact, Plaintiff never was able to have the meeting with Rob Conklin, as Rob Conklin repeatedly moved it and avoided Plaintiff.

37.     In September 2019, all North American Plant Managers traveled to Plymouth, MI were the new compensation was presented to them.

38.     During that same presentation, it was noted that the Riverside plant was the most improved plant in North America, leading the facility by over $1M in improvement. The Riverside plant was Plaintiff's location.

39.     In October 2019, Rob Conklin, told Plaintiff he was being let go, because the plant performance was not going to the direction he wanted, and because Plaintiff's relationship-based style management was not the right style.

40.     Plaintiff was surprised, as that was the first time hearing those performance "issues."

41.     It was clearly a pretext as Plaintiff's plant was doing great.

42.     Plaintiff was also told he would not receive a severance package as he was receiving a bonus at the end of the calendar year.

43.     Conveniently, also in October 2019, a new plant manager was promoted from a sister facility, Sycamore, IL.

44.     The new plant manager was under 40 years of age, with no previous experience in running a facility, with less experience in managing in a union environment, and with his highest level of education

being a bachelor's degree.

45.     Furthermore, the Plant Manager that Plaintiff replaced was given three years to run the plant and was very unsuccessful that it led to his termination. Yet, Plaintiff was only given about 10 months and was successful in undoing all of the previous mistakes in a very short period of time, yet he was terminated.

46.     Based on Plaintiff's success, it was clear that Defendant Company was using a pretext to terminate Plaintiff.

47.     Plaintiff's base salary with Defendant Company was $170,000 with 15% bonus potential, for a total compensation potential of $195,500 annually.

48.     Under Defendant Company new compensation structure, Plaintiff would have been paid more than $270,000.

49.     It is Plaintiff's contention that he was terminated because he was an older employee with more experience, which meant Defendant Company would have to pay him more.

50.     Previously, during the Plymouth meeting (September 2019) Plaintiff had discussed his plans/goals on generating significant savings, which would allow him to beat the budgeted goals.

51.     The new compensation model was built on the concept of having a reduced direct salary committed to the Plant Manager and more of the compensation to be "at risk." The intended goal was to essentially pay the same overall compensation but put the burden of attaining it onto the Plant Manager.

52.     As a result of Plaintiff's level of experience, Plaintiff was in role based on salary that market competitive and not in line with their plan. Meaning Plaintiff would meet all the goals and get paid more.

53.     The new compensation structure was discriminatory, as it targeted older employees with more experience, as it made them more expensive than a younger less experience employee.

54.     It is Plaintiff's contention that he was terminated based upon his age and for complaining of the hostile work environment.

55.     Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's conduct.

56.     Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant's conduct.

57.     Defendant Company and its managers actively engaged in discrimination against Plaintiff with malice or in reckless indifference to his rights to be free from such discrimination.

## V. Causes of Action

### COUNT I

### AGE DISCRIMINATION
### AGAINST DEFENDANT ADIENT US, LLC
### Under the ADEA

58.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

59.     Plaintiff is over the age of 40, having been born in 1969, and is therefore considered a member of the protected category under the Age Discrimination in Employment Act, 29 USC 621 *et seq*.

60.     Defendant's actions, as noted above, constituted discrimination against the Plaintiff in violation of the ADEA.

61.     Defendant's actions, as noted above, were continuous, arbitrary and capricious and were unlawful employment practices in violation of the ADEA.

62.     Based upon the foregoing, Plaintiff's age was a motivating in Defendant's decision to set Plaintiff to fail, and ultimately terminate Plaintiff.

63.     At the time these actions were taken by Defendant Company, Defendant knew these actions were unlawful.

64.     Defendant's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of discrimination against the Plaintiff that culminated in his disparate treatment and/or his termination from employment.

65.     Plaintiff has been damaged by Defendant Company unlawful employment actions in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant Company on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by the Age Discrimination in Employment Act, 29 USC ' 621 *et seq.;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT II

### RETALITION
### AGAINST DEFENDANT ADIENT US, LLC

66.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

67.     Plaintiff hereby alleges claims of retaliation against Defendant Company.

68.     Defendant's actions, as noted above, constituted retaliation against Plaintiff.

69.     Plaintiff's actions of complaining of what he believed to be acts of violation of the law as set forth herein was a motivating factor in the Defendant's decision to retaliate against him by treating him differently, subjecting him to a hostile work environment, subjecting him to a

heightened level of scrutiny, setting him up to fail, and/or terminating him from his employment with Defendant Company.

70.     Plaintiff engaged in the protected activity under the law of complaining about what he believed to be discrimination, when he confronted his supervisor about the problems he was causing in Plaintiff's Plant, and setting up Plaintiff to fail.

71.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant Company, to punish Defendant and to deter Defendant and others from like conduct.

72.     Plaintiff has been damaged by Defendant's unlawful employment actions.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful retaliation, for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT III

### AGE  DISCRIMINATION
### AGAINST DEFENDANT ADIENT US, LLC
### Under the MHRA

73.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

74.     Plaintiff is an individual subject to the protection of the MHRA based upon the fact that he was over 40 years old at the time of the events alleged herein.

75.     Defendant's actions, as noted above, constituted discrimination against the Plaintiff in violation of the MHRA.

76.     Defendant's terminated Plaintiff's employment and Plaintiff's age was a motivator factor in the decision to terminate his employment.

77.     At the time these actions were taken by Defendant, Defendant knew these actions were unlawful and that they were done with an evil motive and/or reckless indifference to the rights of Plaintiff to be free from such discrimination.

78.     Defendant's actions were unlawful employment practices in violation of the MHRA.

79.     Plaintiff has been damaged by Defendant unlawful employment actions.


<u>COUNT IV</u>

<u>RETALIATION</u>
<u>AGAINST DEFENDANT ADIENT US, LLC</u>
<u>Under the MHRA</u>


80.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

81.     Plaintiff hereby alleges claims of retaliation against Defendant Company.

82.     Defendant's actions, as noted above, constituted retaliation against Plaintiff in violation of the MHRA.

83.     Plaintiff's actions of complaining of what he believed to be acts in violation of the Missouri Human Rights Act as set forth herein was a motivating factor in the Defendant's decision to retaliate against him by treating him differently, subjecting him to a hostile work environment, subjecting him to a heightened level of scrutiny, setting him up to fail, and/or terminating him from his employment with Defendant Company.

84.     At the time these actions were taken, Defendant knew that its actions were unlawful

and Defendant's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

85.    Defendant's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of retaliation against the Plaintiff that culminated in his termination.

86.    Plaintiff has been damaged by Defendant Company's unlawful employment actions in violation of the MHRA.

## VI. Prayer for Relief

Wherefore, Plaintiff prays that this Court:

a)  declare the conduct engaged in by Defendant Adient US, LLC, d/b/a Adient Riverside, a/k/a Adient Kansas City, to be in violation of Plaintiff's rights;

b)  enjoin Defendant Adient US, LLC, d/b/a Adient Riverside, a/k/a Adient Kansas City, and its managers/supervisors from engaging in such conduct;

c)  restore Plaintiff to his position with Defendant company;

d)  restore Plaintiff's lost vacation time and sick time;

e)  award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period and benefits accrual;

f)  award Plaintiff compensatory, punitive and liquidated damages against Defendant;

g)  award Plaintiff damages for emotional pain and suffering;

h)  award Plaintiff his costs and attorneys' fees; and

i)  grant such other relief as it may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By : /s/ Kevin Baldwin
Kevin Baldwin #49101
Eric Vernon, #47007
Sylvia Hernandez #70670
108 S. Pleasant St.
Independence, MO 64050
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net

**ATTORNEYS FOR PLAINTIFF**